## LAVERY v BOLLINGER et

Ohio Appeals, 9th Dist., Summit County.

No. 3275. Decided April 12, 1940.

Leonard M. Bertsch, Akron, for appellant.

Bailey & Ecrement, Akron, for appellees.

## OPINION

By STEVENS, J.

The sole question presented in this appeal on questions of law is whether or not the petition of the plaintiff states a cause of action on an official bond.

Without looking at the bond, which is improperly attached as an exhibit to the amended petition (State, for the use, etc., v Collins, et al., 82 Oh St 240), the amended petition, which is the petition upon which the case was tried, sets forth that the bond was the statutory bond of a sheriff "insuring the faithful performance of the sheriff's duties."

The amended petition further alleges that plaintiff was a party defendant in a case in the Common Pleas Court, filed during the year 1928, and in which an order of the court was entered on March 1, 1929, ordering the said sheriff "to offer at sheriff's sale certain realty against which this plaintiff then had a lien, and directing the sheriff as to the disposition of the funds to be derived from the sale of the said property."

Nowhere in the amended petition is it alleged that the plaintiff set up his lien by way of cross-petition or that the court ordered the payment of any sum to the plaintiff; nor is it alleged that the sheriff did not pay the funds arising from said sale in accordance with the order of the court.

If the court did not order any payment to plaintiff, or if the sheriff paid said funds in accordance with the order of the court, he would not be guilty of a failure to faithfully perform the duties of his office.

The amended petition was fatally defective as a declaration upon an official bond, and the trial court properly sustained the demurrer on the ground that the amended petition failed to state a cause of action.

Our conclusion on this branch of the case makes unnecessary a consideration of the other ground of demurrer—i. e., the statute of limitations.

Judgment affirmed.

WASHBURN, PJ., & DOYLE, J., concur.